IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FARIDA B. RAHMAN, | : | No. 3:23cv687 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| RICHARD M. HUGHES, | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is Magistrate Judge Joseph F. Saporito Jr.'s Report and Recommendation ("R&R"), which recommends dismissing Plaintiff Farida B. Rahman's complaint as frivolous. (Doc. 4). Plaintiff has filed timely objections to the R&R, and the matter is ripe for disposition.

### Background

This case began with the filing of a *pro se* complaint by plaintiff on April 25, 2023. (Doc. 1). Along with the complaint, plaintiff filed a motion for leave to proceed *in forma pauperis*, which Magistrate Judge Saporito granted on April 28, 2023. (Doc. 3). The complaint asserts a civil rights action under 42 U.S.C. § 1983 (hereinafter "section 1983") against Defendant Richard M. Hughes, III, a Judge on the Luzerne County Pennsylvania Court of Common Pleas. Judge Hughes presided over a state court matter and issued certain orders adverse to the plaintiff. Plaintiff claims that Judge Hughes violated her civil rights by

entering these orders and seeks an award of damages. Magistrate Judge Saporito issued an R&R on April 28, 2023, recommending dismissal of the instant complaint as frivolous. (Doc. 4). Plaintiff filed objections to the R&R, bringing the case to its present posture.

**Jurisdiction**

As plaintiff brings suit pursuant to section 1983, the court has federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal standard**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

As noted above, the plaintiff filed her complaint *in forma pauperis*. The law provides that the court "shall dismiss [a case filed *in forma pauperis*] at any time

2

if the court determines that . . . the action . . . is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A case is frivolous "where it lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995).

**Discussion**

As noted above, plaintiff filed her complaint against a judge on the Pennsylvania Court of Common Pleas. The law provides judicial officers absolute immunity from suit for actions taken in performance of their judicial duties. Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). Moreover, judges will not be denied immunity even if their actions were done in error, maliciously, or in excess of the judge's authority. Rather, judges are subject to liability only when they have acted in the clear absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871)). "Although unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) (internal quotation marks and citation omitted).

3

Here, plaintiff's complaint, objections, and exhibits all concern judicial acts taken by Judge Hughes in the underlying state court case. Thus, he is immune from suit unless he acted in the clear absence of jurisdiction. It cannot be seriously contended that Judge Hughes acted in the clear absence of jurisdiction because the actions plaintiff complains of were rulings on a case before Judge Hughes as a Court of Common Pleas Judge. Thus, plaintiff's complaint lacks legal merit, and the R&R will be adopted. Plaintiff's complaint will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). An appropriate order follows.

Date 11/29/23

JUDGE JULIA K. MUNLEY
United States District Court